Taylor, C. J.
delivered the opinion of the Court.
As the sisters of the intestate, who are his nearest of kin, are resident beyond sea and subjects of a hostile country, they are certainly disqualified from administering on his effects. This principle may fairly be extracted from the numerous cases on this point, which are however so much in conflict, as not to yield any satisfactory information on the question, whether an alien enemy may bring an action as administrator. The two cases in Cro. Eliz. 142 and 683, are in direct opposition to each other. The true rule probably is, that even an alien enemy may rightfully act as executor of administrator, if resident within the State, by the permission of the proper authority; but without such authorized residence, he must be subject to all the incapacities which appertain to his civil condition For this reason, it is wholly unnecessary to go into the enquiry, whether the sisters of the intestate are living or not, for taking them to be so, it does not in our opinion weaken the claim of the plaintiff.
*249 Considering the act of 1715, in reference to the provision made on the same subject, by the two statutes of 31 Ed. 3 and 22 Hen. 8, it would seem to be exercising too great a latitude of construction to pronounce, that because the nearest of kin labour under an impediment, therefore all the next of kin shall be excluded, and that the claims of a creditor shall be preferred to those for whose primary benefit the statutes were enacted. On the contrary, the natural meaning of those laws seems to be, that if administration cannot be granted to the nearest of kin, on account of some existing incapacity, it shall be granted to the next alter him, qualified to act, and that the creditor shall be postponed, if any of them claim the administration within the time prescribed by law. Let administration be granted to the plaintiff.